UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21490-CIV-ALTMAN

BRUCE L. SMALL,

    *Petitioner,*

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    *Respondent.*

_____/

## ORDER

Our Petitioner, Bruce Small, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §

2254, challenging the constitutionality of his state-court conviction in Case No. F04-35108A. *See*

Petition [ECF No. 1] at 1. Small claims that "[l]ast year while researching my case I came across two

cases [ ] *Apprendi v.* [*New Jersey*, 530 U.S. 466 (2000)] and *Blakely v.* [*Washington*, 542 U.S. 296 (2004)]

after reading them I discovered that my constitutional rights to an impartial jury and due process of

law had been violated, when my trial court judge took it upon himself declared [sic] me an [sic] habitual

offender, enhanced my sentence from fifteen years in prison to thirty years in prison without the jury

making the determination that I qualified for the enhancement." *Id.* at 7. Unfortunately, this is Small's

*third* attempt to collaterally attack his state-court conviction in federal court. Since Small didn't get the

Eleventh Circuit's permission to file a second or successive § 2254 petition, we now **DISMISS** the

Petition for lack of subject-matter jurisdiction.

## THE LAW

A prisoner "in custody pursuant to the judgment of a state court" may file a petition for writ

of habeas corpus under 28 U.S.C. § 2254 in a federal district court "on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a

general rule, however, habeas petitioners are prohibited from filing second or successive § 2254 petitions. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]"). A habeas petitioner can *only* circumvent this bar if he makes "a prima facie showing" that (1) the claim he's raising is "new, meaning that it cannot have been presented in an earlier petition," or (2) the new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "the factual predicate underlying the claim . . . would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." *In re Dailey*, 949 F.3d 553, 556–57 (11th Cir. 2020) (quoting 28 U.S.C. § 2244(b)(2)).

But a prisoner *cannot* file a second or successive habeas petition in the district court as a matter of course. "Before a prisoner may file a second or successive habeas petition [in the district court], [he] first must obtain an order from the court of appeals authorizing the district court to consider the petition [pursuant to] 28 U.S.C. § 2244(b)(3)(A)." *Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018). "Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition." *Ibid.*; *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without our authorization.").

## ANALYSIS

Before filing this Petition, Small filed two *other* § 2254 petitions in the Southern District of Florida. Small's first petition—which also "attack[ed] his conviction and sentence in case number F04-35108A"—was filed in 2010. *See Small v. Buss*, 2011 WL 13388725, at *1, *3 (S.D. Fla. Mar. 14, 2011)

(White, Mag. J.), *report and recommendations adopted*, 2011 WL 13388724 (S.D. Fla. Apr. 19, 2011) (Cooke, J.). Although Small appealed Judge Cooke's order denying his § 2254 petition, the Eleventh Circuit "affirm[ed] the district court's denial of Small's petition for habeas corpus." *Small v. Fla. Dep't of Corr.*, 470 F. App'x 808, 812 (11th Cir. 2012), *cert. denied sub nom. Small v. Tucker*, 568 U.S. 1032 (2012).

Small then filed a second § 2254 petition attacking this same conviction on January 20, 2016. *See* Petition, *Small v. Florida*, No. 16-20241-CIV (S.D. Fla. Jan. 20, 2016), ECF No. 1. This time, Magistrate Judge White found (1) that "the instant federal petition challenges the legality of the same state court judgment that was the subject of petitioner's first § 2254 petition filed by him in 2010" and (2) that the 2010 Petition "qualified as a first habeas corpus petition for purposes of determining successor status because it was denied on the merits." Report and Recommendation, *Small v. Florida*, No. 16-20241-CIV (S.D. Fla. Feb. 4, 2016) (White, Mag. J.), ECF No. 6 at 6. Magistrate Judge White advised Small that, if he wanted to file a second or successive § 2254 petition, he had to "apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. § 2244(b)(3)(A)," and he recommended that Small's second § 2254 petition "be dismissed as an unauthorized 'second or successive' habeas petition." *Id.* at 7–8. Judge Cooke again adopted Magistrate Judge White's recommendation and dismissed Small's 2016 Petition as successive. *See* Order Adopting Report and Recommendation, *Small v. Florida*, No. 16-20241-CIV (S.D. Fla. June 29, 2016) (Cooke, J.), ECF No. 11.

Small's newest Petition suffers from the same defect as his 2016 Petition: It challenges the constitutionality of a state-court conviction he *already* attacked in an earlier § 2254 petition. *See* Report and Recommendation, *Small v. Florida*, No. 16-20241-CIV (S.D. Fla. Feb. 4, 2016) (White, Mag. J.), ECF No. 6 at 6 ("[T]he instant federal petition challenges the legality of the same state court judgment that was the subject of petitioner's first §2254 petition filed by him in 2010[.]"); *see also Miles v. Strickland*, 774 F. App'x 590, 592 (11th Cir. 2019) ("The petition was impermissibly successive because

it challenges the same state judgment as [the petitioner's] first § 2254 petition, which was denied on the merits."). And we "lack jurisdiction" to consider a second or successive § 2254 petition unless the habeas petitioner first applies to the Eleventh Circuit "for permission to file a successive application." *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (citing 28 U.S.C. § 2244(b)(3)(A)). Because Small didn't receive permission from the Eleventh Circuit to file this Petition, we lack subject-matter jurisdiction to consider it. *See Insignares*, 755 F.3d at 1278 ("Insignares did not seek permission to file a successive petition. Therefore, the district judge had jurisdiction to hear his petition only if Insignares's application was not second or successive.").

*** 

Accordingly, we hereby **ORDER and ADJUDGE** that this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. And, because the Petition is "second or successive," we have no authority to issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without [successive] authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims."). All other pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on April 25, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**